THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 5:04-CV-940-B(4)

| | |
|---|---|
| **MONITOR STUDIOS, LLC,** ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **FOR COPYRIGHT** |
| v. ) | **INFRINGEMENT UNDER** |
| ) | **17 U.S.C. §§ 101 ET SEQ.,** |
| **ROSS REDDICK, a/k/a SIBE, a/k/a** ) | **DAMAGES,** |
| **ALASKA; and JOHN DOES 1-10** ) | **AND FOR INJUNCTIVE** |
| ) | **RELIEF** |
| Defendants. ) | |
| ) | |
| ) | |

NOW COMES the Plaintiff, MONITOR STUDIOS, LLC, by and through their counsel of record, and complaining of Defendants, Ross Reddick and JOHN DOES 1-10, states and avers the following:

### NATURE OF THE ACTION

1.  This is an action for copyright infringement brought by an Internet business that provides original graphic artwork on the Internet against individuals who are using the Internet to illegally distribute unauthorized copies of Plaintiff's popular and commercial graphic artwork ("Plaintiff's Graphic Artwork"). Using sophisticated, new, high-speed technology, based on the use of an Internet Relay Chat ("IRC") channel that allows the downloading of large quantities of information in a very short period of time, each of the Defendants, concealing their identities by using aliases, has offered and continues to offer graphic artwork copyrighted by Plaintiff for free downloading by anyone in the world who accesses the Internet channel where Defendants' infringing activities are occurring. Such wholesale copying and distribution of this graphic artwork not only fosters the low or no-cost use of unauthorized copies of valuable graphic artwork, it undermines the legitimate market for Plaintiff's graphic artwork.

2. A fledgling industry in unauthorized copies of graphic artwork is emerging on the Internet. Because of the new, high-speed technology that allows the extremely quick transfer of huge amounts of data through cable modems and Digital Subscriber Lines ("DSL"), both of which Defendants are using to offer and deliver unauthorized copies of Plaintiff's Graphic Artworks over the Internet on "f-x-c.net" bit torrent site and via file transfer protocol ("FTP") from their own computers, Defendants' conduct and their proliferation of unauthorized copies threatens to become widespread. Its deleterious impact on the Internet graphic artwork market is obvious. To bring Defendants' illicit action to a halt, Plaintiff seeks an injunction against the Defendants' unauthorized copying and distribution of Plaintiff's Graphic Artwork, and damages for the infringements that have occurred to date.

## PARTIES

3. Plaintiff Monitor Studios, LLC ("Monitor Studios") maintains its headquarters and principal place of business in Raleigh, North Carolina. It is a limited liability company organized under the laws of the State of North Carolina. Copyright registrations for Plaintiff's works being infringed by Defendants are annexed as Exhibit 1.

4. Defendant Ross Reddick resides at 5433 NW St. Helens Road, Portland, Oregon 97210 ("REDDICK"). He operates on-line on the "f-x-c.net" bit torrent site under the alias "Sibe" and "Alaska". In addition, Defendant REDDICK has used Direct Client to Client Protocol ("DCC") to transmit directly to users Plaintiff's Graphic Artwork that is copyrighted. DCC is an IRC protocol created to allow users to chat privately and to send and receive files directly instead of having to go through the IRC servers. DCC protects users from being monitored by IRC Server operators that have enabled conversation logging. It also allows much more efficient use of available bandwidth as the data does not need to be broadcast all over the

world just to reach a specific user. Defendant REDDICK has infringed the following copyrighted Plaintiffs' Graphic Artwork, as provided in Exhibit A.

5. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1-10, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such Defendants. These fictitiously named Defendants, along with REDDICK, are herein referred to as "Defendants."

6. Upon information and belief, Defendants are acting in concert on the "f-x-c.net" bit torrent site by offering and exchanging unauthorized copies of Plaintiff's Graphic Artwork and causing, facilitating and inducing the infringing acts of others.

## JURISDICTION AND VENUE

7. This Court has original and exclusive jurisdiction over this action for copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338.

8. Venue is proper in this Court under 28 U.S.C. § 1400(a).

## FACTS COMMON TO ALL COUNTS

### I. The Internet Allows The Instantaneous Worldwide Reproduction And Transmission Of Verbatim Copies Of Plaintiffs' Business Software Products

9. The Internet is a worldwide network of millions of computers that has become a widely used means of global communication. Through the Internet, data, text, graphics, audio, and video information and recordings are quickly and routinely transmitted to nearly anyone

with access to a computer and a modem. Internet usage has become commonplace in businesses, schools and in millions of homes worldwide.

10. Information transferred over the Internet is sent in "digitized" form. This means that identical copies of virtually any type of information -- including graphic artwork -- can be reproduced and transmitted across the Internet. Once "uploaded" to the Internet (i.e., reproduced on a file server connected to the Internet), graphic artwork consisting of the same pictures that can (and should) be purchased through legitimate, authorized commercial websites can be "downloaded" by Internet users (i.e., reproduced onto and distributed to the users' computer) for use or further unauthorized copying and/or distribution.

11. Advancements in compression technologies, coupled with the proliferation of more user-friendly software to operate high-speed cable and DSL access to the Internet, have made it possible to distribute unauthorized copies of graphic artwork in intangible form via the Internet in volume, relatively quickly and efficiently and at virtually no cost. An IRC channel, such as the one Defendants use, is a multi-user communication system on which several persons can simultaneously participate in a discussion over a particular "channel," or even multiple channels. There is no restriction on the number of people who can participate, in "real time," in a given discussion, or the number of channels that can be formed over the IRC channel. Defendants are utilizing the new, high-speed technology and the atmosphere of easy communication provided by the IRC channel to make unauthorized transfers of graphic artwork via the Internet to an unlimited number of people. This transfer of graphic artwork occurs without Defendants having to set up or maintain Web sites; that makes Defendants' presence in cyberspace much more ephemeral than the average Internet infringer who posts unauthorized copies of copyrighted works to a Web site.

## II. Piracy Of Copyrighted Graphic Artwork On The Internet

12. Unauthorized copying and distribution of works of intellectual property, such as graphic artwork, is becoming a pervasive problem on the Internet. The basic nature of the copyright infringement (i.e., unauthorized copying and distributing) is familiar; given the speed and ease of reproducing and widely distributing information on the Internet, however, the potential harm to copyright owners is exponentially greater than the threat posed by traditional acts of infringement.

13. The extensive misuse of the Internet for unlawful purposes is in part due to the nature of the medium. The ease with which information can be copied to and from Internet sites, the simplicity of efficiently downloading ever-larger files based on improved data compression technologies, and the relatively minor cost to a user of communicating with an audience of millions create unparalleled opportunities for copyright infringement. The relative anonymity with which Internet communications may be conducted further facilitates illegal conduct.

14. Unscrupulous Internet users can covertly copy and transmit to the Internet copyrighted graphic artwork (in which they have no rights and which they have no authority to copy or distribute) thereby making available to a worldwide audience, identical reproductions of copyrighted works that can be and are further copied, distributed and used by others in virtually unlimited, and entirely uncontrolled, fashion.

15. With the explosive growth of the Internet, the losses from this piracy may be dwarfed by the type of online piracy at issue in this case unless such acts of wholesale copying and distribution of copyrighted works is deterred by the courts, applying well-established principles of copyright law to infringing online conduct.

### III. Defendants' Unlawful Online Copying And Distribution Of Plaintiffs' Products

16. Using the methods described above, the Defendants are using the "f-x-c.net" bit torrent site daily as a pipeline to provide "f-x-c.net" bit torrent site users with a vast number of different graphic artworks that are being copied and distributed, without authorization, to a potential market of millions of Internet users. By identifying their computers on the "f-x-c.net" bit torrent site as having "Bit Torrents," these Defendants, all of whom use aliases, indicate to other Internet users that their computers can be readily accessed to obtain and download whatever graphic artwork Defendants are making available on their "Bit Torrents." These graphic artworks are identified on the "f-x-c.net" bit torrent site by the website of origin and/or their file names.

17. Users of the "f-x-c.net" bit torrent site can download compressed computer files which contain Plaintiff's Graphic Artwork. The unauthorized copies of Plaintiff's Graphic Artwork available on the "f-x-c.net" bit torrent site are identical to the legitimate graphic artworks distributed commercially by Plaintiff.

18. Plaintiff has never authorized any of the Defendants to copy, offer and distribute any of Plaintiff's Graphic Artwork on the Internet.

19. Defendant REDDICK intentionally and knowingly accessed Plaintiff's protected computer and/or the protected computer of Plaintiff's agent without authorization, and caused damage to Plaintiff's computer.

20. Defendant REDDICK with the intent to defraud, accessed Plaintiff's protected computer and/or the protected computer of Plaintiff's agent without authorization, and obtained Plaintiff's Graphic Artwork worth in excess of $5,000.00.

## COUNT ONE
### (Copyright Infringement - 17 U.S.C. §§ 101 et seq.)

21. Paragraphs 1-20 above are realleged as if fully set forth herein.

22. Plaintiff is the owner of Plaintiff's Graphic Artwork and have the exclusive right to copy, distribute and transmit them in the United States. Plaintiff's Graphic Artworks are original works, copyrightable under the Copyright Act.

23. At all times relevant herein, Plaintiff has complied with the Copyright Act, 17 U.S.C. §§ 101, et seq., and has secured the exclusive rights and privileges in and to the copyrights in Plaintiff's Graphic Artwork.

24. Defendants have, without authorization from the Plaintiff copyright owner, copied, distributed, disseminated and/or otherwise exploited unauthorized copies of Plaintiff's Graphic Artwork on the Internet. Plaintiff has not licensed any of the Defendants to reproduce or distribute any of Plaintiff's Graphic Artwork in any manner whatsoever.

25. By posting unauthorized copies of Plaintiff's Graphic Artwork on the "f-x-c.net" bit torrent site, Defendants have actively engaged in, aided, encouraged materially, contributed to, and abetted the unauthorized copying and distribution of Plaintiff's Graphic Artwork by others.

26. Defendants' acts constitute direct and/or contributory infringements of Plaintiff's respective copyrights in Plaintiff's Graphic Artwork in violation of 17 U.S.C. §§ 101, et seq.

27. Upon information and belief, Defendants' infringements have been committed willfully, and have been and are being engaged in with total disregard for Plaintiff's intellectual property rights.

28. Defendants' direct and/or contributory copyright infringement has caused, and will continue to cause, Plaintiff to suffer substantial injuries, loss and damage to its exclusive

7
Case 5:04-cv-00940-FL   Document 1   Filed 12/10/04   Page 7 of 18

rights in Plaintiff's Graphic Artwork. The precise amount of Plaintiff's damages is difficult, if not impossible, to ascertain.

29. Defendants' direct and/or contributory copyright infringement, and the threat of continuing infringement, has caused, and will continue to cause, Plaintiff severe and irreparable injury. Plaintiff's remedy at law is inadequate to compensate it for the injuries already inflicted and further threatened by Defendants. Therefore, Defendants should be enjoined pursuant to 17 U.S.C. §§ 101, et seq.

## COUNT TWO
### (Violation of the federal Computer Fraud and Abuse Act – 18 U.S.C. § 1030(a)(5),(g))

30. Paragraphs 1-29 above are realleged as if fully set forth herein.

31. By the actions alleged above, Defendant REDDICK intentionally and knowingly accessed Plaintiff's protected computer system, and knowingly caused the transmission of a program, information, code, or command, without authorization and/or in excess of authorized access.

32. By the actions alleged above, DEFENDANT REDDICK intentionally caused damages, without authorization, to Plaintiff's protected computer system, and the aggregate loss resulting therefrom exceeds at least $5,000.00 in value.

33. Defendant REDDICKS' activity constitutes a violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. §1030(a)(5), and Plaintiff is entitled to damages under that Act. Plaintiff is also entitled under the Act to injunctive and equitable relief against defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. That the Court issue preliminary and permanent injunctions restraining Defendants their agents, servants, employees, representatives, successors, and assigns, and all other persons, firms or corporations acting in concert, privity or participation with them from:

    a. reproducing, copying, duplicating, disseminating, publishing, transmitting, distributing, displaying, storing, uploading, downloading, offering or making available any unauthorized copies of Plaintiff's Graphic Artwork, in whole or in part. For the purposes of this Order, the prohibitions set forth in this paragraph shall include the placement of an unauthorized copy of any of Plaintiff's Graphic Artwork into a computer's hard drive or other storage device; scanning any of Plaintiff's Graphic Artwork; "uploading" a digital file containing any of Plaintiff's Graphic Artwork from the computer to a bulletin board system, chat room, IRC or other server; and "downloading" a digital file containing any of Plaintiff's Graphic Artwork from a bulletin board system, chat room, IRC, or other server to a computer;

    b. Removing, disposing, discarding, transferring, modifying or deleting in any manner any computer software, computer hardware, or other data used in connection with the Defendants' copying of Plaintiff's Graphic Artwork, including but not limited to records, logs or other documents, in any media, that relate to or constitute the unauthorized copying, reproduction, duplication, dissemination or distribution of any of Plaintiff's Graphic Artwork or that reflect the identity of any persons to whom or from whom Defendants transmitted and/or obtained any unauthorized copies of Plaintiff's Graphic Artwork;

    c. Assisting, aiding or abetting any other person or business entity from engaging in or performing any of the above-described acts;

  d.  Making unauthorized use of Plaintiff's computers and computer systems; and

  e.  Making unauthorized use of Plaintiff's agents computers and computer systems.

2. That the Court issue an order requiring each of the Defendants to file with this Court and serve on Plaintiff within ten (10) days after service of the preliminary injunction, a report, in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the preliminary injunction;

3. That the Court issue an Order impounding for the duration of this action any materials found to have been made or used by the Defendants in violation of Plaintiff's exclusive rights and that all such impounded materials be destroyed as part of a final judgment or decree pursuant to 17 U.S.C. § 503;

4. That Plaintiff be awarded its actual damages and/or a disgorgement of Defendants' profits, direct and indirect, for Defendants' copyright infringements in an amount to be determined at trial or in lieu thereof, should Plaintiff or any of them so elect, an award of statutory damages, pursuant to 17 U.S.C. § 504(c), against each Defendant, to be increased to the maximum permitted by law, for their acts of willful infringement;

5. That the Court issue an order requiring the Defendants to file with this Court and serve on Plaintiff within ten (10) days after service of the permanent injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction;

6. That the Court award Plaintiff its costs, including attorneys' fees, pursuant to 17 U.S.C. § 505; and

7. That the Court grant such other and further relief as it deems just and proper.

This the 10TH day of December, 2004.

                                                              THE CONNOR LAW FIRM, PLLC

                                                              By: _____
                                                              Gregory S. Connor
                                                              NC State Bar No.: 22445
                                                              1515 W. NC Hwy. 54, Suite 240
                                                              Durham, NC 27707
                                                              Telephone: (919) 402-4337
                                                              Facsimile: (919) 408-0648
                                                              Counsel for Plaintiff

# EXHIBIT A

**MONITOR STUDIOS, LLC v. Ross Reddick, a/k/a SIBE, a/k/a ALASKA; and John Does 1-10.**

1. image_adri.jpg
2. image_adri2.jpg
3. image_adrixan_ink_bw.jpg
4. image_adrixan_rgb.jpg
5. image_annie.jpg
6. image_beige.jpg
7. image_beleth.jpg
8. image_betty_bed.jpg
9. image_betty_coffin.jpg
10. image_betty_sasha_suck.jpg
11. image_betty_xan.jpg
12. image_black_widow.jpg
13. image_bladewar.jpg
14. image_brigitte.jpg
15. image_calli.jpg
16. image_cassie.jpg
17. image_cassie_02.jpg
18. image_cassie_03.jpg
19. image_cassie_04.jpg
20. image_cham_cards.jpg
21. image_cham_modelsheet.jpg
22. image_cham_sasha_01.jpg
23. image_cham_sasha_bw.jpg
24. image_cham_sasha_club.jpg
25. image_cham_spread.jpg
26. image_cham_stageshow_02.jpg
27. image_cham_stageshow01.jpg
28. image_cham_topless.jpg
29. image_cham_xmas_2002.jpg
30. image_cham-grab.jpg
31. image_champagne_come_in.jpg
32. image_champagne_sittingpretty.jpg
33. image_champagne_wall.jpg
34. image_champagne01.jpg
35. image_champagne02.jpg
36. image_champgane_bed.jpg
37. image_chance.jpg
38. image_chmpgn03.jpg
39. image_cock_worship.jpg
40. image_cybil.jpg
41. image_dancer_01.jpg
42. image_dancer_02.jpg
43. image_dasher_dancer_01.jpg
44. image_dasher_dancer_02.jpg
45. image_dasher_dancer_03.jpg
46. image_dawn_01.jpg
47. image_dawn_02.jpg
48. image_dawn_03.jpg
49. image_Dawn_04.jpg

*Continued on Next Page*

**EXHIBIT A**

**MONITOR STUDIOS, LLC v. Ross Reddick, a/k/a SIBE, a/k/a ALASKA; and John Does 1-10.**

50. image_dawn_barn_amber.jpg
51. image_dawn_blow.jpg
52. image_dawn_fingers.jpg
53. image_dawn_grip.jpg
54. image_dawn_hat.jpg
55. image_dawn_modelsheet.jpg
56. image_dawn_nude.jpg
57. image_dawn_showoff.jpg
58. image_demon_flight.jpg
59. image_demon_rape.jpg
60. image_demon_slave.jpg
61. image_devilbunny.jpg
62. image_earth.jpg
63. image_fire_01.jpg
64. image_foxie.jpg
65. image_foxxy_cleopatra_01.jpg
66. image_fraulein_amber.jpg
67. image_fraulein_color.jpg
68. image_ginger_allfours.jpg
69. image_ginger_pushup.jpg
70. image_ginger01.jpg
71. image_ginger02.jpg
72. image_grisserbernal01.jpg
73. image_gunbunny.jpg
74. image_gunbunny_02.jpg
75. image_gunbunny_03.jpg
76. image_gunbunny_04.jpg
77. image_gunbunny_05.jpg
78. image_gunbunny_charge.jpg
79. image_gunbunny_prone.jpg
80. image_gunbunny_tentacle_01.jpg
81. image_halloween_2002.jpg
82. image_jetta.jpg
83. image_j-fave-toy.jpg
84. image_journye.jpg
85. image_journye_02.jpg
86. image_journye_03.jpg
87. image_journye_04.jpg
88. image_karla.jpg
89. image_kitara.jpg
90. image_lion_gazelle_bw.jpg
91. image_lisa.jpg
92. image_miami_01.jpg
93. image_miami_02.jpg
94. image_miami_03.jpg
95. image_miami_finger.jpg
96. image_miami_finish.jpg

*Continued on Next Page*

**MONITOR STUDIOS, LLC v. Ross Reddick, a/k/a SIBE, a/k/a ALASKA; and John Does 1-10.**

97.  image_miami_messy.jpg
98.  image_miami_panty.jpg
99.  image_misty.jpg
100. image_moongoddess.jpg
101. image_mouse_01.jpg
102. image_new_journye.jpg
103. image_nicole.jpg
104. image_nubia_01.jpg
105. image_orchid_01.jpg
106. image_paradise_01.jpg
107. image_paradise_xan_01.jpg
108. image_pearl.jpg
109. image_peek.jpg
110. image_pikababy.jpg
111. image_punkbunny.jpg
112. image_rene.jpg
113. image_rosalie_01.jpg
114. image_rosalie_02.jpg
115. image_rosalie_03.jpg
116. image_rosalie_04.jpg
117. image_rosalie_05.jpg
118. image_rosalie_cheerleader_01.jpg
119. image_sasha_beach_01.jpg
120. image_sasha_beach_spread.jpg
121. image_sasha_beach_taunt_rgb.jpg
122. image_sasha_beach_taunt2.jpg
123. image_sasha_bondage.jpg
124. image_sasha_bothered.jpg
125. image_sasha_butt.jpg
126. image_sasha_butt_02.jpg
127. image_sasha_centerfold.jpg
128. image_sasha_chair.jpg
129. image_sasha_cock_worship.jpg
130. image_sasha_dp.jpg
131. image_sasha_drink.jpg
132. image_sasha_ebon.jpg
133. image_sasha_ebon_02.jpg
134. image_sasha_finale.jpg
135. image_sasha_finger.jpg
136. image_sasha_goingdown.jpg
137. image_sasha_raganzi.jpg
138. image_sasha_ready.jpg
139. image_sasha_sailor.jpg
140. image_sasha_shorts.jpg
141. image_sasha_side.jpg
142. image_sasha_snapshot_rear.jpg

*Continued on Next Page*

**MONITOR STUDIOS, LLC v. Ross Reddick, a/k/a SIBE, a/k/a ALASKA; and John Does 1-10.**

```
143.   image_sasha_spread_chair.jpg
144.   image_sasha_squirt.jpg
145.   image_sasha_takeme.jpg
146.   image_sasha_takeoff.jpg
147.   image_sasha_thighs.jpg
148.   image_sasha_titfuck.jpg
149.   image_sasha_toy.jpg
150.   image_sasha_tub.jpg
151.   image_sasha_waitress_01.jpg
152.   image_sasha_wall.jpg
153.   image_sasha01.jpg
154.   image_sasha02.jpg
155.   image_sasha03.jpg
156.   image_sasha04.jpg
157.   image_sasha05.jpg
158.   image_sasha06.jpg
159.   image_scarlet.jpg
160.   image_shannon.jpg
161.   image_skibunny.jpg
162.   image_sky.jpg
163.   image_technobunny.jpg
164.   image_tina.jpg
165.   image_totemguard.jpg
166.   image_water.jpg
167.   image_werewolf2.jpg
168.   image_widow_spread.jpg
169.   image_widow2_bw.jpg
170.   image_wolfbig.jpg
171.   image_xan_sasha.jpg
172.   image_xxxmas_2002_01.jpg
173.   image_xxxmas_2002_02.jpg
174.   image_xxxmas_2002_03.jpg
175.   presentation_dawn.jpg
176.   presentation_fire.jpg
177.   presentation_gallery1.jpg
178.   presentation_gallery2.jpg
179.   presentation_gb4.jpg
180.   presentation_jourvert.jpg
181.   presentation_rosa3.jpg
182.   presentation_sasha.jpg
```

**END OF EXHIBIT A**

Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

VA         VAU

EFFECTIVE DATE OF REGISTRATION

Month    Day    Year

Sun+ 10/22/04

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

# 1

**Title of This Work ▼**
SexyFur.com

**NATURE OF THIS WORK ▼** See instructions
Graphic Artwork

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**   **Number ▼**   **Issue Date ▼**   **On Pages ▼**

# 2

**a** **NAME OF AUTHOR ▼**
Monitor Studios, LLC

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼
n/a           n/a

**Was this contribution to the work a "work made for hire"?**
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of USA
     Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☑ No
Pseudonymous? ☐ Yes  ☑ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map            ☐ Technical drawing
☑ 2-Dimensional artwork      ☐ Photograph     ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**b** **Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼   Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
     Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous? ☐ Yes  ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map            ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph     ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

# 3

**a** **Year in Which Creation of This Work Was Completed**
2003
Year     This information must be given in all cases.

**b** **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month June   Day 05   Year 2003
_____ Nation

# 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Monitor Studios, LLC

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

See instructions before completing this space.

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼    Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6** a See instructions before completing this space. b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼    Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Gregory S. Connor - The Connor Law Firm LLC
1515 W Hwy 54 Suite 240, Durham, NC 27707

Area code and daytime telephone number  ( 919 ) 402-4337    Fax number  ( 919 ) 408-0648
Email  gc@connorlaw.com

**7** a b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
check only one ▶ ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of Monitor Studios LLC
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Gregory S. Connor Esq    Date  10/21/2004
Handwritten signature (X) ▼
X [signature]

**8**

| Certificate will be mailed in window envelope to this address: | Name ▼ The Connor Law Firm, LLC |
| | Number/Street/Apt ▼ 1515 W Hyw 54 Suite 240 |
| | City/State/ZIP ▼ Durham, NC 27707 |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—30,000  Web Rev: June 2002  ⊛ Printed on recycled paper    U.S. Government Printing Office: 2003-496-605/60,029

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
| --- | --- |
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Library of Congress<br>Copyright Office<br>101 Independence Av SE<br>Washington, DC 20559 | D. Is delivery address different from 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>NOV 0 2 2004<br>COPYRIGHT OFFICE<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☑ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | |
| PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540 | |