IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CV-940-FL

| | | |
|---|---|---|
| MONITOR STUDIOS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROSS REDDICK, a/k/a SIBE, a/k/a | ) | |
| ALASKA, and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes now before the court upon the recusal of the Honorable Judge Terrence W. Boyle and the subsequent reassignment to the undersigned. Plaintiff, a North Carolina corporate entity, filed this action on December 10, 2004, alleging violations of the Copyright Act and the Computer Fraud and Abuse Act relating to defendant's unauthorized access of plaintiff's computer system and redistribution of plaintiff's copyrighted graphic artwork. Defendant was personally served with the summons and complaint at his Bellevue, Washington home on February 17, 2005. After defendant failed to file a responsive pleading or otherwise defend this action, the clerk entered a default on June 1, 2005. Now pending before the court is plaintiff's motion for default judgment (DE #5). Plaintiff seeks injunctive relief, damages (not of a sum certain) in the amount of $281,555.60, and court costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

At the direction of the undersigned, this motion is set for an evidentiary hearing, to be scheduled for **July 28, 2006 at 1:30 p.m.**, in Courtroom #2 of the Terry Sanford Federal Building and Courthouse in Raleigh, North Carolina. Plaintiff shall be prepared to present competent

evidence and argument demonstrating that:

(1) This court may properly exercise personal jurisdiction over the out-of-state defendant;

(2) Entry of default judgment would be in accordance with the requirements of the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521; and

(3) Plaintiff is entitled under law to the amount of damages and attorney's fees which it seeks. Plaintiff is admonished that conclusory and/or hearsay statements of the like contained in the Affidavit of Jeremy Bernal (DE #5-2) shall not be deemed sufficient to justify plaintiff's proposed damages award. Moreover, plaintiff is specifically requested to present evidence and legal authority in support of its assumption that "every download . . . was a lost subscriber." (Bernal Aff. ¶ 16.)

The clerk is also DIRECTED to send a copy of this Order to defendant, by certified mail, to any previous known address shown in the case record.

SO ORDERED, this the 30th day of July, 2006.

LOUISE W. FLANAGAN
Chief United States District Judge