# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# Civil Action No. 05:04-CV-940-FL

| | |
|---|---|
| **MONITOR STUDIOS, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **ROSS REDDICK, a/k/a SIBE, a/k/a** | ) |
| **ALASKA; and JOHN DOES 1-10** | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## DECLARATION OF JEREMY BERNAL

In support of the entry of default judgment in the above-captioned case, I hereby state as follows:

1. I am a citizen and resident of the state of North Carolina.

2. I am a member-manager of Monitor Studios, LLC ("Monitor"), plaintiff in the above-captioned lawsuit.

3. The company lost 72 known subscribers in the first 24 hours after one of the defendant's initial acts of pirating copyrighted graphic art from the plaintiff's website. Each of those subscribers was paying a monthly rate of fourteen dollars ($14.00) for his or her subscription. That amount was almost entirely profit inasmuch as the company pays a small monthly fee of approximately one hundred fifty dollars ($150.00) for the bandwidth and servers upon which to operate it website. The company has several thousand monthly subscribers, so only a minute fraction of each monthly subscription fee goes toward overhead.

4. In an affidavit previously submitted to the court, I noted that the average weekly number of downloads of copyrighted material from the defendant's unlawful website was one hundred

sixty (160) downloads per week. Each of those downloads of Monitor's artwork was a free download; the material could not have been downloaded but for defendant's acts of infringement. Thus, each download represented a subscriber lost. On average, then Monitor lost one hundred sixty (160) subscribers a week while the pirated artwork was available at no charge on defendant's website.

5. A hard number of subscribers lost as a result of the defendant's infringement is difficult to ascertain inasmuch as Monitor is engaged in litigation with a former billing agent, iBill, which has refused to release sales information to its former webmasters, including Monitor. The full impact of the defendant's pirating of copyrighted works would be apparent if the information from iBill was available. In addition to the difficulties with iBill, it is also the case that some records pertaining to this case have been lost since more than three years have elapsed since the piracy began, and have not been left accessible because the case was won by default in early 2005.

6. The 72 lost subscribers noted above each paid fourteen dollars per month with subscriptions lasting a minimum of one (1) year. Thus, Monitor in one day suffered an annual loss of twelve thousand ninety-six dollars ($12,096) as a result of the defendant piracy of copyright protected artwork. Without access to the more definitive records currently retained by iBill, I can not know the exact number of subscribers lost in the thirty-six months that defendant infringed on Monitor's copyrights. My best estimate, which is a much more complete account of the extent of the losses suffered by Monitor as a result of the defendant's piracy, is contained in the affidavit I previously provided the court.[1]

---

[1] The affidavit is attachment "A" to Document 5 in the court file, filed January 17, 2006.

Attachment "B"

7. The defendant has been pirating Monitor's material since 2001, over 3 years prior to the filing of this case.

I certify under penalty of perjury that the foregoing declaration is true and correct.

This the 25 day of August, 2006.

By:



_____
JEREMY BERNAL

Signed at _____4:27 pm_____ on the date above stated.